MAYAGÜEZ SUGAR COMPANY, INC., peticionaria, *v.* JUNTA AZUCARERA DE PUERTO RICO y BRUNO NEGRÓN SÁNCHEZ, recurridos.

Número 14.

*Sometido:* 6 de diciembre de 1955. *Resuelto:* 18 de junio de 1956.

*Fiddler, González & Nido,* abogados de la peticionaria; *Alejandro Romanace,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Nada hay en este caso que sea distinto a las cuestiones planteadas y resueltas por nosotros en el caso de *Mayagüez Sugar Company* v. *Junta Azucarera,* 78 D.P.R. 887, (*Pérez Pimentel*), (1956). [1] Cuando se otorgó el presente contrato el 15 de agosto de 1953, ya estaba vigente, la Ley núm. 426 de 13 de mayo de 1951, y por lo tanto, for-

maba parte del contrato el art. 3 de dicha ley. [2] Sabido es que dicho artículo volvió a restablecer la libre contratación entre centrales y colonos fuera del plan original de zonas de producción determinadas por la Comisión de Servicio Público de Puerto Rico, que contenía el art. 4 de la Ley núm. 221 de 12 de mayo de 1942, según enmendado por la Ley núm. 383 de 15 de mayo de 1949, y reglamentado por el Reglamento sobre Compañías Azucareras aprobado por la Comisión de Servicio Público el 29 de junio de 1946. De la reglamentación anterior se conservaron en la Ley núm. 426 de 13 de mayo de 1951 las disposiciones al efecto que "ninguna central azucarera podrá negarse a moler las cañas de un colono o sus sucesores o causahabientes que hubiere sido colono de dicha central en cualesquiera de los tres (3) años anteriores a la fecha en que ofrezca dichas cañas para ser molidas, y la central deberá darle preferencia a éstos para moler sus cañas, sobre los nuevos colonos". . . que "para que un colono tenga derecho a cambiar de la central donde muele sus cañas a otra central, vendrá obligado a notificar a las centrales afectadas su intención de hacer dicho cambio, no más tarde del día 1ro. de noviembre anterior a la zafra en que intente hacer dicho cambio" y que "la central vendrá obligada a moler las cañas de los nuevos colonos, a menos que la junta exima a la central de tal obligación, luego de haberse demostrado ante la Junta que la central carece de suficiente capacidad para asumir la molienda de las cañas de dichos colonos".

Como se ve, se trata de la reglamentación razonable de una industria, "afectada de interés público", por ser la agencia principal de nuestra economía. [3] El hecho que se disponga la obligación de las centrales de moler las cañas de sus colonos, y se le permita a los colonos cambiar de una central a otra, no convierte dicha reglamentación pública en irrazonable, confiscatoria u opresiva, ya que las partes afectadas no están en igualdad de condiciones para contratar. [4] Ya hemos resuelto además, que la Asamblea Legisla-

tiva de Puerto Rico tiene autoridad para reglamentar dicha industria: *Pueblo* v. *A. Roig, Sucrs.*, 63 D.P.R. 18, (*Snyder*), (1944), cita precisa a la pág. 23 *et seq.*

*Debe confirmarse la resolución recurrida.*

El Juez Asociado Sr. Sifre no intervino.